THE STATE *ex rel.* HANKS v. WOLLEM.

**Election:** OF SCHOOL DIRECTOR. The law intends that frankness and liberality shall characterize elections for school officers; and where the polls were kept open only forty minutes, and votes refused that were offered a few minutes after, the proceedings will be held invalid.

*Appeal from Van Buren Circuit Court.*

FRIDAY, SEPTEMBER 19.

THIS is an information under our statute (Rev. 1860, chap. 151) in the nature of a proceeding by *quo warranto* to test the right of defendant to the office of sub-director of sub-district No. 5 of the district township of Des Moines in Van Buren county. The petition or information shows that it is approved and allowed by the district attorney. A demurrer to the information was sustained, and from that ruling the plaintiff appeals.

*J. C. Knapp* for the appellant.

*Work & Lea* for the appellee.

COLE, J. — The information shows that the meeting of the electors for the sub-district was duly called to convene at three o'clock, P. M., for the election of a sub-director; the meeting was organized by electing a president and secretary at half-past three o'clock; those present proceeded to vote, and at ten minutes past four o'clock the president declared the polls closed, and proceeded to count the votes; the defendant had five votes, the relator four, one other two, and two others one vote each; the president was about to make out a certificate of election to the defendant when, and before four o'clock and fifteen minutes, two qualified electors, named, entered the voting place, while the meeting was organized and the officers in their places, and tendered to the president and secretary their written ballots " for sub-director, J. C. Hanks," which were refused,

although no proclamation of the closing of the polls had been made; that said two votes were wrongfully refused, and if they had been received the relator would have been elected. The relator was a voter and eligible to the office. The demurrer admits these facts, and their sufficiency is the only question.

It seems to us that the officers were too technical and hurried; and that fair play and the frankness and liberality which the law intends shall characterize such meetings and elections were violated. Only forty minutes, when the law contemplates three hours, for such a meeting and election, when it was very apparent that all the electors had not voted, savors too much of the factional partisan caucus, to justify its judicial sanction. While it was a *meeting*, it was also an *election;* for the statute says: "Sec. 9. At the meeting of the sub-district a chairman and secretary shall be appointed, who shall act as judges of the election and give a certificate of election to the sub-director elect." School Laws 1872, p. 5; also, § 93, p. 42. The demurrer should have been overruled and the defendant permitted to answer.

Reversed.