## TIBBETTS v. BURSTER.

1. **Liquor Nuisance:** ACTION TO ENJOIN: CONTINUANCE: TEMPOR-
ARY INJUNCTION. Under section 2, chapter 66, Laws of 1886, which
provides that when an action to enjoin a liquor nuisance is contin-
ued at the instance of the defendant, and it is "made to appear to
the satisfaction of the court or judge, by evidence in the form of
affidavits or otherwise, as the court may order, that a nui-
sance, actually exists or is being maintained, * * * a tempo-
rary injunction shall issue, as a matter of course, without
bond," *held* that it was error to refuse such temporary injunc-
tion in this case, where the only papers on file at the time of
the continuance were the petition and an affidavit which sustained
it, and the court made no order as to further or other evidence.

2. ——— : ——— : ANSWER NOT RESPONSIVE AS TO TIME. In an action
to enjoin a liquor nuisance, an answer filed some days later than
the petition, which denies that the defendant is at the time of
answering maintaining a nuisance, as alleged, is bad on demurrer.
( See *Halfman v. Spreen*, 75 Iowa, 309.)

*Appeal from Lee District Court.*—HON. J. M. CASEY,
Judge.

FILED, DECEMBER 19, 1888.

ACTION to restrain and for the abatement of an alleged liquor nuisance. A demurrer to the answer was overruled, and judgment rendered for defendant. Plaintiff appeals.

*Newman & Blake*, for appellant.

No appearance for appellee.

ROBINSON, J.—On the twenty-ninth day of December, 1887, the plaintiff filed in the court below a petition in which he alleged that the defendant and one Stoevener were the owners of a certain lot and building described ; that they had established and were keeping and maintaining a place in said building for the manufacture and sale of intoxicating liquors as a beverage, in violation of law ; and that they were from day to day manufacturing and selling intoxicating liquors therein, contrary to law. The petition asked that the nuisance caused as aforesaid be abated ; that a temporary writ of injunction issue, and that the same be made permanent on final hearing. On the ninth day of January, 1888, the cause came on for a hearing on notice on an application for a temporary injunction. The defendant appeared, and asked that the hearing be postponed to a future day. Her request was granted, and the fourteenth day of the same month was fixed for further hearing. The plaintiff thereupon demanded a temporary injunction, but was refused. It is alleged that Stoevener filed a disclaimer of interest, and the case, as to him, was dismissed. On the day fixed for the further hearing, defendant filed an answer as follows : "Denies that she is maintaining or keeping a place for the manufacture or sale of intoxicating liquor as a beverage ; denies that she is now keeping and maintaining a nuisance to the great injury of plaintiff or any other citizen ; admits that she owns a brewery on the lot described in petition, but says the same is not now in operation ; avers that she has a permit from the board of supervisors,

said permit being dated January 10, 1888, to manufacture and sell beer for culinary and mechanical purposes; admits that she purposes to soon operate said brewery under and in compliance with said permit." On the same day plaintiff filed a demurrer to the answer, the chief grounds of which were that the answer failed to deny that the allegations of the petition were true when it was filed, and that the fact that the defendant was not engaged in the business alleged at the time she filed her answer was not a defense to the action. Affidavits in support of the petition and affidavits in support of the answer were submitted on the application for a temporary injunction with the demurrer. At a subsequent date the temporary injunction was refused, and the demurrer was overruled. The plaintiff electing to stand on his application and pleadings, the petition was dismissed, at the cost of defendant.

I.   It is insisted by appellant that the court erred in refusing a temporary injunction when he continued the hearing on the application therefor from the ninth to the fourteenth of January. Section 2, chapter 66, Acts Twenty-First General Assembly, provides that when it is "made to appear to the satisfaction of the court or judge, by evidence in the form of affidavits or otherwise, as the court or judge may order, that a nuisance actually exists or is being maintained, * * * a temporary injunction shall be issued, as a matter of course, without bond," when the cause is continued at the instance of the defendant in an action of this kind. There is nothing in the record to indicate the ground upon which the court below refused the temporary injunction on the ninth day of January. The only papers on file at that time were the petition, and an affidavit which sustained it. It does not appear that other or further proof of the existence of the nuisance was required by the court. In the absence of any showing which contradicted the averments of the petition and affidavit, and in the absence of any order of the court in regard to evidence, it could not properly disregard

the showing, but should have granted the injunction demanded.

II. The answer does not deny the allegations of the petition as applied to any time prior to the tenth day of January, when the permit was issued by the board of supervisors; therefore it must be taken as admitted that on the twenty-ninth day of December, 1887, when the petition was filed, the defendant was maintaining a nuisance; and there is no presumption that such illegal business was abandoned prior to the tenth day of the next month. This being true, the case falls within the rule announced in *Halfman v. Spreen*, 75 Iowa, 309, and the demurrer should have been sustained.

REVERSED.