THE STATE *ex rel.* O'CONNELL v. BOARD OF PRESIDENT AND DIRECTORS OF ST. LOUIS PUBLIC SCHOOLS.

Division Two, November 15, 1892.

1. St. Louis City School Board: ELECTION OF DIRECTOR: INSPECTION OF BALLOTS, ETC.   An election as director of the school board of the city of St. Louis under the act of the legislature, approved March 30, 1887 (Laws, pp. 272-3), providing that such election shall be held by the qualified voters of the school district is an election of a public officer by the people within the meaning of the state constitution, and, therefore, the ballot boxes used in such election cannot be opened and the ballots be inspected except by an order of the court made in a contested election case.

2. ———.   The St. Louis school board is a public or a *quasi* municipal corporation.

3. ———: QUALIFICATION OF MEMBERS: CONSTITUTION.   The power of the board to judge of the qualification, election and returns of its members must be exercised by the board in subordination to the constitution of the state.

*Prohibition.*

WRIT AWARDED.

*C. H. Krum* for petitioner.

*Charles Nagel* and *Phillips, Stewart & Cunningham* for respondent.

GANTT, P. J.—This is an original proceeding, commenced in this court, to obtain a writ of prohibition against the Board of President and Directors of the St. Louis Public Schools and the individual defendants constituting an election committee, appointed by said board to hear a certain contest for the office of director in said board.

The plaintiff alleges that he is a citizen of the city of St. Louis, resident within the eighth school district as established by said school board, and that he is duly qualified by law to become and serve as a director in said board; that the said board is a public corporation, created by the laws of this state to manage, control, administer and regulate the system of public schools, within and for the city of St. Louis; that on the third of November, 1891, at said city in said eighth district, by order and authority of said board, an election was held for the office of school director for said district, and at said election plaintiff was duly elected to said office; that he received his certificate of election and thereupon became and now is the qualified and lawful incumbent of said office of director; that the said office of director is a local office within the meaning of section 9, article 8, of the constitution of the state.

The petition further shows that, under rule 6 of the rules and regulations of said board, Thomas I. Burke, who was an opposing candidate for said office at said election, gave or attempted to give notice of a contest for said office, and that said board had appointed the other defendants an election committee to hear and

report on the same; that said committee against the protest of plaintiff had assumed jurisdiction and had heard testimony from time to time until September 13, 1892; "that, on said last-mentioned date, the said committee reported to said board that the further hearing of the said contested election case had been laid over until September 29, 1892, at which time the said committee proposed to open the ballot boxes which contain the ballots cast by the voters in said school district, at the election at which plaintiff was elected as aforesaid; that no order of court has been obtained for the opening of said boxes by the said committee; that said report of said committee of its intention to open said ballot boxes was approved by said board, and that, unless restrained by the court, said defendants will proceed to open said ballot boxes and make public the ballots contained therein."

Upon this petition a citation to show cause was issued by one of the judges of this division, and the defendant Burke filed his separate answer, and all the other defendants except defendant Hickman filed a joint answer.

Defendant Burke in his answer denies all the allegations of the petition, asserts the power of the board to proceed as threatened, but does not assert that he was elected to said office.

The other defendants deny that this is a local office within the meaning of the constitution; deny that the proceeding in which they are engaged is an election contest or a matter of contested election, and aver that they are proceeding to an examination into the conduct of said election held November 31, 1891; that, by virtue of an act approved February 13, 1833, and an act approved March 30, 1887, the powers of said board are vested in the president and directors, who are given power to judge of the qualifications, elections

and returns of its members; to prescribe the time, place and manner of conducting elections of members of said board and generally to make rules for their own government and the management of said schools. They then set forth at length their rules governing elections and election contests.

Their answer admits that upon the face of the returns of said election plaintiff received nine hundred and twenty-nine votes, Alexander Shumate four hundred and fifty-three, Thomas I. Burke nine hundred and twenty-one and Louis Hild, one hundred and eighty votes; the president of the board stated to the board that it appeared that plaintiff had been elected director, and that thereafter he satisfactorily answered all the questions required by the rules and propounded by the president, and that the oath of office was duly administered to him, and he took his seat as a member of said board. They do not deny that they intend to open the ballot boxes, as charged in the petition, but assert they are proceeding under their charter rights to do so.

Upon these pleadings a stipulation was filed that if a writ issued it should be confined to prohibiting defendants from opening the ballot boxes and making public the ballots, and, therefore, plaintiff moved for judgment upon the pleadings, for the reason that, if said contest is a contest of election within the meaning of the constitution and laws of this state, then only the circuit court of the city of St. Louis has jurisdiction thereof, and the ballot boxes can only be opened under the orders of said court, which the pleadings admit have not been obtained in this contest, and, on the other hand, if this is not a case of contested election as defined by the constitution and laws of this state, but merely an inquiry by the said board for its own information as to the election and qualification of one of its directors, that there is no jurisdiction anywhere to

open said ballot boxes or count, inspect or examine said ballots, and because an election of school directors in the city of St. Louis is a public election to a public office though local in its character, and the seal of secrecy which the law gives to the ballot is as much imposed in such an election as in any other election to any public office in the state.

I.   Section 3, article 8, of the constitution of this state, provides: *"All elections by the people shall be by ballot;* every ballot voted shall be numbered in the order in which it shall be received and the number recorded by the election officers on the list of voters, opposite the name of the voter who presents the ballot. The election officers shall be sworn or affirmed not to disclose how any voter shall have voted, unless required to do so as witnesses in a judicial proceeding, *provided* that in all cases of *contested elections* the ballots cast may be counted, compared with the list of voters and examined under such safeguards and regulations as may be prescribed by law."

Section 9 provides: "The trial and determining of contested elections of all public officers, whether state, judicial, municipal or local, except governor and lieutenant governor, shall be by the courts of law or by one or more of the judges thereof. The general assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial and all matters incident thereto; but no such law assigning jurisdiction or regulating its exercise shall apply to any contest arising out of any election held before said law shall take effect."

These sections of the constitution were construed in *State ex rel. v. Francis*, 88 Mo. 557, and the decision reached that ballots cast at an election by the people in this state can only be counted in cases of *contested*

*elections*, and by contested elections were meant statutory contests in which the contestant seeks not only to oust the intruder, but to have himself inducted into the office, and the contested election cases in which the ballots may be inspected are those which the constitution requires the general assembly to designate the court or judge to try, and no inspection can be had in any other court. With this single exception, then, it is the unmistakable purpose of the constitution that the ballots cast at an election by the people shall be secret and forever free from inspection by the courts or individuals.

The first essential inquiry to be answered in this case arises at once, was the election for school director in the eighth district of St. Louis on the third of November, 1891, *an election by the people?*

That election was held under the act of 1887, pages 272 and 273. By the terms of the law, it was an election to be held by *the qualified voters of said district;* and the school board of St. Louis is a public corporation, an instrumentality created by the laws of the state to administer the trust created and assumed by the state for the education of the children of the state. It is neither a private corporation, with vested rights exempt from the general laws of the state, nor a municipal corporation proper, but it clearly falls within the class of bodies corporate, now designated as public corporations, or *quasi* municipal corporations. It was chartered by an act of the general assembly, February 13, 1833, which reserved the right to alter, amend or repeal it, when the legislature should see fit to do so. It has been amended by various acts, and the constitutionality of these acts sustained by this court. *State ex rel. v. Miller*, 100 Mo. 439; *Heller v. Stremmel*, 52 Mo. 309; *State to use v. Tiedemann*, 69 Mo. 306; *State*

*ex rel. v. Tracy*, 94 Mo. 217; *Buchanan v. School District*, 25 Mo. App. 85; *Roach v. Board*, 77 Mo. 484.

Without further elaboration, it is sufficient to say that an election of school directors by the qualified voters of a school district is "an election by the people" within the meaning of the constitution.

It follows that the ballots cast at such elections are secured the same immunity from inspection as are the ballots cast at any other election by the people; that is. to say the ballot boxes can only be opened by an order of the court, in case of a contested election prosecuted under a statutory provision. As the defendants disclaim and deny that they are asserting the right to inspect, count and compare the ballots by virtue of a. contest, and as they are bound by their pleadings, it is clear that there is not only no power in them as a committee of the board to open the ballot boxes, but there is no power in the board or anyone else to open said ballot boxes and count said ballots. The "power to judge of the qualifications, elections and returns of its members" is to be exercised by the board under the limitations of the constitution, to which they are as. much amenable as other citizens of the state, and is no warrant for the exercise of a power which is forbidden the state itself.

The motion for judgment on the pleadings is sustained, and it is considered, ordered and adjudged by the court that the said defendants and each of them be and they are hereby prohibited from opening the ballot boxes in possession of the secretary of said Board of President and Directors of the St. Louis Public Schools. which contain the ballots cast at an election held in the eighth school district of the city of St. Louis on the third day of November, 1891, and from inspecting, counting and examining said ballots, by virtue of a. proceeding begun and pending in said board to test the

right of John W. O'Connell to membership as a director in said board, and it is further ordered and adjudged that plaintiff have and recover the costs herein paid out and expended, and that he have execution therefor. All concur.