## T. S. LATHEN v. OLIVE CAMPBELL.
### No. 240.

1. SCHOOL DISTRICT—*Annual Meeting—Election of Officers.* A school district is a political subdivision of the state, and when the voters thereof legally assemble for the purpose, and make a choice of persons for public officers, such proceeding constitutes an election by the people, within the meaning of section 1 of article 4 of our state constitution, and the voting must be by ballot.

2. ———— *Exemption from General Election Law.* School districts are specifically exempted from the operation of the Australian ballot act.

3. ELECTIONS—*Number of Votes Necessary.* In all elections in this state, for the choice of any officer, unless it is otherwise expressly provided, the person having the highest number of votes for any office shall be deemed to have been elected to that office.

4. ———— *Result of Ballot—Declaration of Result.* The result of a ballot expresses the election of the candidate, and it is not necessary that such election be formally declared.

Error from Franklin district court; A. W. BENSON, judge. Opinion filed January 18, 1898. Reversed.

*C. A. Smart,* for plaintiff in error.

*J. W. DeFord,* and *W. A. DeFord,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced by plaintiff in error in the district court of Franklin county, to require defendant in error to surrender to plaintiff in error the office of treasurer of school district No. 20 in Franklin county. The cause was submitted to the court on an agreed statement of facts. The court found and rendered judgment in favor of defendant in error, and plaintiff in error brings the case to this court. The following are the agreed facts :

"That on July 27, 1893, being the regular and

proper date fixed by law for the annual school meeting in Kansas, the qualified electors of school district No. 20 in Franklin county met at the schoolhouse at about two o'clock P. M., for the purpose of holding the regular annual school meeting, as required by law. The directors being absent, the meeting was called to order by one of the electors, and Leroy Bates, also an elector, was elected chairman of the meeting. After hearing the reports of the treasurer and clerk of the district, the meeting proceeded to elect a treasurer for the ensuing three years.

"George Nofsinger, T. S. Lathen, the plaintiff, and Olive Campbell, the defendant, were each nominated for that office. The meeting then proceeded to voting by writing the name of the candidate intended to be voted for upon small slips of paper and depositing them in a hat that was passed about by tellers to collect the ballots. After all had voted who desired the ballot was counted, and was as follows : Mr. Nofsinger received ten votes ; Mr. Lathen received thirty-two votes ; and Mrs. Campbell received twenty-eight votes. Thereupon the chairman announced that there had been no election, no one having received a majority of all of the votes cast.

"Thereupon Mr. Lathen, the plaintiff, and his friends, raised the question that a plurality was all that was required to elect, and that he, Lathen, had been duly elected. After discussing that question for some time a recess was taken, and the statutes of Kansas sent for and the school law, or a portion of it, read in the meeting. After the meeting reconvened, the chairman decided that no one had been elected.

"Thereupon a motion was made to proceed and re-ballot, which motion was carried. This motion was followed by another, that each elector come forward and deposit his ballot on the chairman's desk, which motion was carried.

"All this time, however, Mr. Lathen and his friends protested and objected, and insisted that an election had already been had, and that Mr. Lathen had been legally elected, and that there was no vacancy to be filled. The friends of Mr. Lathen then asked that

the chairman and clerk furnish him with a certified transcript of the proceedings up to that time, which request was put in the form of a motion, and was lost.

"A second ballot was taken, all present, including the plaintiff, voting. T. S. Lathen received thirty votes, Olive Campbell received forty-three votes. The chairman declared Mrs. Campbell duly elected. After transacting other business pertaining to the welfare of the school, the meeting adjourned.

"It appeared further from the evidence that certain persons who voted when the first ballot was taken were not present when the second ballot was taken, and that certain persons who voted when the second ballot was taken were not present when the first ballot was taken; also, that both parties possess all necessary qualifications to hold the office."

The question presented for our consideration is, Was plaintiff in error or defendant in error elected treasurer of said school district? A school district is a political subdivision of the state, and when the voters thereof legally assemble for the purpose, and make a choice of persons for public officers, such a proceeding constitutes an election by the people, within the meaning of section 1 of article 4 of our state constitution. (Gen. Stat. 1897, ch. 52, § 29; *Freeland v. Stillman*, 49 Kan. 197; Bouvier's Law Dictionary, title "Election"; 6 Am. & Eng. Encyc. of Law, 260; *Police Commissioners v. City of Louisville*, 3 Bush [Ky.], 602.) The voting must be by ballot. (Constitution of Kansas, art. 4, § 1; *O'Connell v. Board*, 112 Mo. 213, 20 S. W. Rep. 484.)

School districts are specially exempted from the operation of the Australian ballot act. (Gen. Stat. 1897, ch. 52, § 29.)

The statute of this state provides that, "In all elections for the choice of any officer, unless it is other-

wise expressly provided, the person having the highest number of votes for any office shall be deemed to have been elected to that office. (Gen. Stat. 1897, ch. 52, §108.)

The result of the first ballot taken expressed the election of plaintiff in error, and it was not necessary that he be formally declared elected. (*Conrad v. Stone*, 78 Mich. 635, 44 N. W. Rep. 333.)

We cannot agree with defendant in error's learned counsel in their contention that plaintiff in error renounced his rights under the first vote by his participation in the second, or that he was estopped thereby.

Plaintiff in error was duly elected. The judgment of the district court is reversed.