Decided February 21, 1898.

STATE *v.* HINGLEY.

[52 Pac. 89.]

1. POWER OF LEGISLATURE TO PRESCRIBE QUALIFICATION OF VOTERS AT SCHOOL ELECTIONS.— The power given the legislature by the constitution to provide for the establishment of a uniform and general system of common schools carries with it the power to prescribe the qualifications of voters at school meetings and at elections for district officers: *Harris* v. *Burr*, 32 Or. 348, followed.

2. SCHOOL MEETING AN ELECTION.—A meeting of school electors held for the purpose of choosing district officers is a "legally authorized election" within the meaning of section 1846, Hill's Ann. Laws.

From Washington: THOS. A. McBRIDE, Judge.

The State of Oregon appeals from an order sustaining Hubert Hingley's demurrer to an indictment for illegal voting at a school election.

REVERSED.

For the State there was a brief over the names of *Thos. J. Cleeton,* district attorney, and *Samuel B. Huston,* with an oral argument by *Mr. Huston* and *Mr. Cicero M. Idleman,* attorney-general.

For respondent there was a brief over the name of *Barrett & Adams.*

MR. JUSTICE WOLVERTON delivered the opinion.

The defendant was indicted in the proper county for unlawfully voting at a legally authorized election in the state. The specification of the charge is that he voted at a school meeting of district No. 18, Washington County, Oregon, such meeting being for the election of a school director and clerk, he not being then and there a person having property in such district upon which he pays a tax, or children of school age to educate. A demurrer was interposed by the defendant, and sustained, and judgment rendered accordingly, from which the state appeals.

1. Two questions are presented by the appeal. The first is whether the statute (section 2609, Hill's Ann. Laws) prescribing the qualifications of voters at school meetings is in derogation of the constitution, in so far as it prescribes a property qualification, or that the voter shall have children of school age to educate; and the second is whether such a meeting, at which an election of a director and a clerk may be regularly had, is a legally authorized election in this state, within the purview of section 1846 of Hill's Ann. Laws.

The first question is practically disposed of by the

case of *Harris* v. *Burr*, 32 Or. 348 (39 L. R. A. 768, 52 Pac. 17). It was there determined "that the power ascribed to the legislature, under the constitution, to provide for the establishment of a uniform and general system of common schools, carries with it plenary power to establish the unit of that system denominated a 'school district,' to determine what officers shall administer its affairs, who and what manner of persons shall be eligible to office, and how and by whom they should be chosen." This includes the power to prescribe the qualifications of voters at school meetings and at elections for district officers.

2. The second question involves a construction and application of section 1846, Hill's Ann. Laws, under which the indictment was drawn. It reads as follows: "If any person shall vote, or offer to vote, at any legally authorized election in this state, knowing himself not entitled by law to vote thereat, or shall vote, or offer to vote, at any poll or in any precinct at any such election, knowing himself not entitled to vote at such poll or in such precinct, such person, upon conviction thereof, shall be punished," etc. Is this statute broad enough to comprehend a school meeting held for the purpose of electing a director and a clerk of the district in which such meeting is held? Section 2599, Hill's Ann. Laws, authorizes the election of the officers named at such a meeting. They are to be selected by the electors qualified to vote thereat, as prescribed by section 2609, above quoted. This, within the authorities, constitutes an election: Bouvier's Law Dictionary, title "Elections"; *Lathen* v. *Campbell* (Kan. App.), 51 Pac. 931; 6 Am. & Eng.

Enc. Law (1st. Ed.), 260. Section 1846, Hill's Ann. Laws, which defines the crime and affixes the penalty, is found in the Code of Criminal Procedure, and was not enacted as a part of the election laws which govern general and special elections within the state, and is not restricted to such elections. It is a general statute, constituting it an offense for any person to vote at any legally authorized election, knowing himself not entitled by law to vote at such election. The election in question was legally authorized, and is therefore within the purview of the statute. The judgment of the court below will be reversed, and the cause remanded, with directions to the lower court to overrule the demurrer.

REVERSED.

Decided February 28, 1898; rehearing denied.