JOHN B. DONNELLY, Appellant, v. W. H. SMITH, ET AL., Appellees.

**Intoxicating liquors:** TEMPORARY INJUNCTION: APPEAL. Where the evidence in support of an application to abate a liquor nuisance is sufficient to make a case, it is an appealable error to refuse a temporary writ.

**Same.** One who has been engaged in an unlawful traffic in in-
2 toxicating liquors, cannot avoid the issuance of an injunction
by bringing the conduct of his business within the require-
ments of the law prior to the hearing for the writ.

**Same.** Under Code, section 242, an appeal may be taken from an
3 order denying a temporary writ of injunction in a proceeding
to abate a liquor nuisance, although the abstract does not
disclose a record entry of the order signed by the judge.

*Appeal from Carroll District Court.*— HON. F. M. POWERS,
Judge.

TUESDAY, JUNE 6, 1905.

ACTION in equity for the abatement of an intoxicating
liquor nuisance. From an order refusing a temporary writ
of injunction, the plaintiff appeals.— *Reversed.*

*O. P. McDonald* and *M. W. Beach,* for appellant.

*Salinger & Korte,* for appellees.

BISHOP, J.— The petition in this case was filed
October 26, 1903, and the answer November 2, 1903. On
the latter date the hearing was had for a temporary writ.
When the petition was filed, and when said hearing was
had, the defendant Smith was admittedly engaged in con-
ducting a saloon for the sale of intoxicating liquor in the
city of Carroll. The building in which such business was
carried on was owned by the defendant Christana Selzer,
and she was fully advised as to the character of the use
being made of her property.

The statute provides that, in connection with an action
to abate an intoxicating liquor nuisance, a temporary writ
of injunction shall issue upon application therefor; it be-
1. INTOXICATING ing made to appear by evidence that such
LIQUORS: nuisance exists. Code, section 2405. A case
temporary
injunction; being made for an injunction, it is error
appeal. to refuse the writ, and for the correction of an error

thus committed an appeal will lie to this court. Code, section 4101; *Judge v. Kribs,* 71 Iowa, 183; *Tibbitts v. Burster,* 76 Iowa, 176. In the instant case the proof was abundant to establish a case for the issuance of a writ. Conceding, for the purposes of the case, that the mulct law had been adopted or was in force in the county, still it is not even pretended that defendant had complied with the provisions thereof.

The contentions made by counsel in this court are these. First, that at the time of the hearing for the writ the evidence disclosed that the conduct of defendant's business had been made to conform to the provisions of the law; second, that this appeal cannot be maintained, because prematurely taken; and, third, because the conditions presumably existing at the present time are such as that an order for injunction incident to a reversal would be an idle proceeding.

Should we concede that, before the hearing for the writ, defendant had brought the conduct of his business into conformity with law, this could avail him nothing. One

2. SAME.

who has been engaged in the traffic in intoxicating liquors in open violation of law cannot avoid an injunction by simply making profession of a change of heart, and a swift change in existing conditions. Common experience has led to the conclusion that in all such cases the effort to reform should be given substantial aid in the way of a temporary writ. Such is the thought of the cases above cited. But if this were not true, it must be said that defendant had not, at the time of the hearing and order, brought his business into conformity with law. One fact alone need be stated. The statute requires that the keeper of a saloon shall have the consent of the city council, expressed in the form of a resolution, before making sales, and such had not been procured in the case of the instant defendant.

The second point made is without force. It is predicated upon the fact that the abstract does not disclose that

the order denying the temporary writ had ever been approved by the court, in that the record entry had not been signed by the presiding judge. Section 242 of the Code provides that the record of the proceedings of the court shall be signed by the judge. But such provision is directory only. Moreover, it is expressly provided in a later sentence of the section that a failure on the part of the presiding judge to sign shall not prevent all other proceedings being had which could have been predicated upon a signed record. The language is broad enough to authorize an appeal from an order, as in the instant case.

3. SAME.

As the record before us does not disclose the present status of the main case, we are unable to pass upon the merits of the remaining ground of contention presented by appellees. The abstract goes no farther than to make it appear that the temporary writ was applied for and refused; that therefrom this appeal was taken. If now, subsequent to such proceedings, the main case has been tried, and either a decree for permanent injunction entered, or the petition dismissed, it might well be insisted that there could be no longer any occasion for the issuance of a temporary writ. As we have not the record before us, we can do no more than determine that the court erred in refusing a writ, and accordingly that such ruling should be reversed, and the cause remanded for such further proceedings as the law requires should be had.

Several motions ordered submitted with the case have been considered, and each thereof is ordered overruled.— *Reversed.*