JOHN B. HAMMOND, Appellant, v. ROBERT KING.

**Intoxicating liquors:** VIOLATION OF MULCT LAW: INJUNCTION. The
1 violation of a condition of the mulct law, as in the sale of liquor on an election day, renders the business illegal and its continuance may be enjoined; not merely because of such particular violation, but on the ground that a continuance of the business thereafter is the maintenance of a nuisance.

**Same:** INTENT. Intent is not an element of the offense involved
2 in a violation of the liquor law; and therefore the advice of police authorities that sales may be lawfully made on a pro-

hibited day is not a defense to a prosecution for a violation
of the law in that regard.

**Same:** PROHIBITED SALE: ELECTION DAY. The sale of liquor by a
mulct saloon on the day of a school election is prohibited by
the provisions of the mulct law.

*Appeal from Polk District Court.*— HON. W. H. McHENRY,
Judge.

WEDNESDAY, FEBRUARY 19, 1908.

THIS action was instituted by plaintiff, as a citizen of
Polk county, to secure an abatement by injunction of a liquor
nuisance alleged to be maintained by defendant. The court
refused to grant an injunction, and taxed the costs to plain-
tiff, and plaintiff appeals.—*Reversed.*

*E. R. Akers* and *Dunshee & Dorn,* for appellant.

*Halloran & Starkey,* for appellee.

McCLAIN, J.— The allegation of the petition is that the
premises on which defendant is carrying on the business of
selling intoxicating liquor in Des Moines constituted a nuis-
ance, for the reason that on March 12, 1906, the day of the
school election in that city, liquors were sold on said prem-
ises in violation of law. The case was presented to the
lower court on an agreed statement of facts, from which it
appears that the defendant was prior to the date above men-
tioned, and since has been, engaged in the sale of intoxica-
ting liquors on his premises in compliance with the pro-
visions of the mulct law, unless it be found that it was a
violation of law to sell liquor on the day of the school elec-
tion. It appears from the recitals in this agreed statement,
as well as from the argument of counsel for appellant, that
the purpose of instituting this action was to secure a determi-
nation of the question whether a day of a school election is

a day on which places for the sale of intoxicating liquors under the mulct law may be kept open. The provision of the law on this subject is " that the place . . . shall not be open at all, nor shall any sales be made on the first day of the week, commonly called, Sunday, nor on any election day or legal holiday, nor on the evening of such days." Code, section 2448, par. 9. The trial judge, as appears from a written finding filed by him in the case, refused to pass on this question, but held that, as the agreed statement of facts did not show that, when the action was instituted, the defendant was keeping or maintaining a nuisance, an injunction could not properly be granted. In this view we cannot concur. The sale of intoxicating liquor in this State is prohibited, except as specially provided for (Code, section 2382), and the using of any building for the prohibited sale of liquor is a nuisance (Code, section 2384), which may be enjoined and abated in an action in equity brought by any citizen of the county (Code, section 2405). The payment of the mulct tax does not legalize the business as conducted by the person making such payment (Code, section 2447), but no proceeding shall be maintained against any person who has paid " a mulct tax nor against any premises as a nuisance on account of the selling or keeping for sale therein or thereon by such person of such liquors, provided " the statutory conditions as to the mulct tax are complied with (Code, section 2448). One of the conditions of the last stated section, as before said, is that the place shall not be open or any sales be made on an election day. Code, section 2448, par. 9. It is further provided that " whenever any of the conditions of the third preceding section [the section last above referred to] shall be violated . . . then a bar to proceedings, as provided in that section shall cease to operate and the person engaged in the sale of intoxicating liquors shall be liable to all the penalties provided in this chapter."

If, then, the defendant violated the provisions of the law by selling liquors on an election day, the bar to proceed-

ings for enjoining his place as a nuisance was removed, and

1. INTOXICATING an action to enjoin the continuance of such
LIQUORS: viola-
tion of mulct place as a nuisance could be maintained, not
law: injunc-
tion. merely with reference to the illegal sales made
on an election day, but with reference to the use of his
place as a place for the sale of liquor. So long as defend-
ant complied with all the conditions of the sections relating to
the payment of the mulct tax, he was conducting a business
which was not illegal; and which could not be enjoined.
*McKeever v. Beacom,* 101 Iowa, 173; *Iowa City v. McIn-
nerny,* 114 Iowa, 586. But, if he violated one of these
conditions, from that time on his business was illegal and
subject to be enjoined, not merely as before suggested for the ·
violation of the condition, but for maintaining a place for the
sale of liquor after his statutory privilege had been forfeited
by the violation of a condition. Under this view of the
law, which is that consistently announced in the decisions
of this court, the defendant after violating a condition of
the mulct law of March 12th, if a sale on that day was pro-
hibited, defendant was continuously keeping and maintain-
ing a nuisance, and his business was still a nuisance when
this action was instituted. See Code, section 2405. This
nuisance the plaintiff asked to have abated. It is wholly im- ·
material under the statute that defendant had ceased to vio-
late the conditions of the mulct law. Having once violated
such conditions, his business became unlawful, and continued
unlawful so long as he attempted to sell in reliance upon the
resolution of the city council and the written statement of
consent from the adjoining resident freeholders (see Code,
section 2448, par. 2), in pursuance of which he was conduct-
ing his business at the time he violated the conditions of
the mulct law. The cases referred to by the trial judge in
announcing his decision and relied on by appellee are not in
point. In those cases it was held that no injunction should
be granted after the defendant had wholly discontinued and
abandoned the business of selling intoxicating liquor, and

was no longer keeping a place for the sale of such liquor. See *Sharp v. Arnold,* 108 Iowa, 203; *Patterson v. Nicol,* 115 Iowa, 283; *Redley v. Greiner,* 117 Iowa, 679. Having been engaged in the unlawful sale of liquor, the defendant cannot avoid the issuance of an injunction by saying that he has brought the conduct of his business within the requirements of the law prior to the hearing or the application for the writ. *Donnelly v. Smith,* 128 Iowa, 257.

II. . What has been said is predicated on the assumption that the defendant did violate the mulct law by selling liquor on the day of a school election; and we now proceed to determine the question whether such sale was in fact illegal. Incidentally it may be suggested that, if selling on the day of a school election was illegal under the statute, then the fact, recited in the agreed statement, that defendant was advised by the county attorney, the city attorney, and the chief of police that such sale was legal would not make it so, nor excuse the defendant for his violation of the statute. If the intent to violate were an essential element of the crime, such advice might be important; but many police regulations, including those relating to the sale of intoxicating liquor, are so framed that the doing of the prohibited act is punishable as a crime, regardless of the intent with which it was done. *State v. Probasco,* 62 Iowa, 400; *Church v. Highham,* 44 Iowa, 482; *Dudley v. Sautbine,* 49 Iowa, 650; *Jamison v. Burton,* 43 Iowa, 282; 1 McClain, Criminal Law, section 128.

2. SAME: intent.

In determining whether the day of a school election is an " election day " within the conditions of the mulct law, it is important to notice that the condition refers to " any election day." If it had been intended that the condition should refer only to the day of the general election as defined in Code, sections 1057, 1088, 1089, appropriate and unambiguous language would no doubt have been used, but the school elections provided for in Code, sections 2746, 2749–2756, are elections in which

3. SAME: prohibited sale: election day.

all voters in the school township, independent district, or subdistrict are entitled to participate, and it is to be presumed that all the voters will participate in such elections as fully as in general elections for state and county officers. The day of such school elections is as definitely specified by law as is the day of the general election.  See Code, sections 2746, 2751.  Such elections are to be held in every school corporation and subdistrict in the State on the specified days, and, as every portion of the State is included within the territorial limits of some school corporation, we see no reason of public policy dictating that the general condition of the mulct law relating to the sale of liquor on election days should not be applicable to the day on which within the particular school corporation or subdistrict an election is to be held.  It is true that in the statutory provisions relating to school elections such elections are referred to as meetings of the voters, but they are also specifically referred to and regulated as elections.  That a meeting of the voters at which officers are chosen is an election seems to be well settled by authority.  *Phillips v. Albany,* 28 Wis. 340, 355; *State v. Hingley,* 32 Or. 440 (52 Pac. 89); *State v. Wollem,* 37 Iowa, 131.  Under a statute of Indiana prohibiting the sale of liquor " upon the day of any election," it was held that the day of an election held under the primary law was a day on which such sale was prohibited.  *State v. Hirsch,* 125 Ind. 207 (24 N. E. 1062, 9 L. R. A. 170).

We reach the conclusion, therefore, that the sale of liquor by defendant on the day of the school election in Des Moines was a violation of the condition of the mulct law relating to sales on " any election day," and that thereafter the defendant in maintaining a place for the sale of liquor under the authority previously given to him by virtue of the provisions of the mulct law was a nuisance.

The trial court was therefore in error in refusing to grant an injunction as prayed, and its judgment is *reversed.*