Argued November 2, reversed and remanded November 29, 1949;
former opinion modified January 24, 1950

# ZEEK v. UNION SCHOOL DISTRICT No. 5 ET AL.

211 P. (2d) 740
213 P. (2d) 794

*E. M. Sabin,* of Union, for appellant.

*Lewis Z. Terrall,* of Union, for respondents.

Before LUSK, Chief Justice, and BRAND, BAILEY, HAY and PAGE, Justices.

BAILEY, J.

This suit was brought by plaintiff, E. O. Zeek, on behalf of himself and all other parties similarly situated, against School District No. 5 of Union County, State of Oregon, referred to in the title as Union School District No. 5, and Merton A. Davis, W. B. Baxter, and Alfred Crouter, constituting the board of directors of said school district, and Lee Reynolds, county assessor of Union County, Oregon.

The complaint alleges that plaintiff is a bona fide resident and a legal and qualified voter of School District No. 5; that School District No. 5 is, and at all times mentioned in the complaint was, a duly organized and existing quasi-municipal corporation under the laws of the state of Oregon, having a board of directors consisting of three members, who are defendants; that Lee Reynolds is the duly elected and acting assessor of Union County; that on June 20, 1949, pursuant to a duly published notice there was held an election by the voters of the school district "upon the question of voting an increase in the tax levy against the property situate" within the school district in the sum of $12,899.00 in excess of the constitutional limitation (§ 11, Art. XI, Oregon Constitution) and that a majority of the votes cast at that election were against the proposed increase in the tax levy.

Paragraphs 6, 7, and 8 of the complaint are as follows:

"6. On the 24th day of June, 1949, the defendant, Merton A. Davis, signing himself as 'Chairman Board of Directors' caused to be published in The Union Republic, a weekly newspaper, of general circulation published at Union, Oregon, and attested by Frances W. Terrall, who signed as 'District Clerk' a notice, a copy of which is hereto attached, marked Exhibit 'B' and made a part hereof. That said notice failed to state that said notice was given on behalf of the defendant School District No. 5, or that said notice was published by School District No. 5, or that the Board of Directors of School District No. 5 had authorized the calling of an election, nor did the notice state of what Board of Directors the said Merton A. Davis was 'Chairman', nor of what 'district' Frances W. Terrall was clerk. The published notice, exhibit 'B' calling for an election on July 15, 1949, was void and of no effect, and did not constitute a notice to voters in School District No. 5, of such election, and for that reason, the vote taken on said 15th day of July, 1949, on the question of voting a tax against the property in said School District No. 5, in the sum of $10,980.00 is and was null and void, as no notice of said election was given or published by the defendant school district.

"7. Pursuant to said notice of election so to be held at the 'High School Building' 290 voters residing in the district appeared for the purpose of voting for or against the proposed tax levy, no ballots were furnished the voters and they were handed blank slips of paper with nothing thereon indicating the question to be voted on, not even marked 'ballot' and said blank slips of paper were put into the ballot box with the word 'yes' or 'no' written thereon and in no way indicating whether the voter was for or against the question submitted, and it was impossible to tell from said blank slips

so voted. For failure to provide the voters at said election a ballot as required by the statutes of the State of Oregon, no legal ballot or·vote was taken and the proceeding at the polls was illegal and void. The voting was not held at the high school building as called for by the published notice of election, but was held at and in another and different building and place than that called for by the notice of election. No ballots were provided the voters and no 'ballots' were cast. The judges of election wrongfully and unlawfully canvassed the blank slips of papers and reported that 150 votes were cast in favor of the tax and 140 votes were cast against the tax. The absence of ballots was contrary to the statutes of the State of Oregon, in reference to the holding of said election, and especially contrary to section: 81-1503, O. C. L. A. & 110-1112, O. C. L. A.

"8. Said directors have unlawfully reported to the defendant, Lee Reynolds, as assessor of Union County, Oregon, that the tax vote was 150 for and 140 against the tax, and unless said defendant, Lee Reynolds is restrained and enjoined from extending on the tax rolls said tax in the sum of $10,980.00 the same will be unlawfully levied against the property of the tax payers residing in said school district."

Exhibit "B" is substantially as follows:

"NOTICE OF SCHOOL ELECTION UPON QUESTION OF INCREASING TAX LEVY OVER AMOUNT LIMITED BY SECTION II, ARTICLE XI STATE CONSTITUTION

"Notice is hereby given that an election will be held in School District No. 5 of Union County, State of Oregon, to begin at the hour of 2:00 P. M. to be held at the high school building, on the third Friday in July, being the 15th day of July, A. D. 1949, in said school district, for the purpose of submitting to the legal voters of said district the question of increasing the tax levy for the fiscal year 1949-1950

over the amount limited by section 11, Article XI, of the Constitution of Oregon.

"The reasons for increasing such levy are:

"Estimated expenditures on items or partial items of the budget not allowed by the County Rural School Board, employees salaries, cemetery, payment on school buses, general maintenance and repairs, and operation of the school plants.

"The amount of tax in excess of the 6 per cent limitation, proposed to be levied for said fiscal year is $10,980.00.

"Dated this 24th day of June, 1949:
Merton A. Davis
Chairman Board of Directors.

Attest:  Frances W. Terrall
District Clerk."

Plaintiff prays for a decree enjoining defendant, Lee Reynolds, assessor of Union County, Oregon, "from extending on the tax rolls said tax in the sum of $10,980.00"; declaring the proposed election of July 15, 1949, null and void, and enjoining the defendant school district and its board of directors "from proceeding with said election and the alleged results thereof."

Defendants filed a general demurrer to the complaint, which was sustained, and from the decree dismissing the suit plaintiff has appealed.

In this suit plaintiff is seeking to have declared null and void the special school election held in School District No. 5, Union County, on July 15, 1949, at which election the majority of the votes cast was in favor of increasing the tax levy for the fiscal year 1949-1950 in the sum of $10,980.00 in excess of the constitutional

limitation. His first assignment of error is as follows: "The published notice of the July 15th election did not meet the requirements of the statutes in reference thereto, and was null and void and the court erred in not so holding."

Sections 110-1101 to and including 110-1112, O. C. L. A., enacted as chapter 150, General Laws of Oregon, 1917, have for their purpose, as stated in the title of that act, "To provide for elections upon the question of increasing tax levies over the amounts otherwise limited by the Constitution * * *." Section 110-1101 provides that "Elections for voting upon the question of increasing the tax levy in the state at large, counties, municipalities and districts not possessing a separate legislative department, *shall be called and held in the manner respectively provided herein.*" (Emphasis supplied.) Section 110-1102, as amended by § 1, chapter 511, Oregon Laws 1947, provides that whenever in the discretion of the state tax commission, or other body levying state taxes, it is necessary to levy a larger amount of taxes than the amount limited by the constitution, the tax commission, or other body levying state taxes, "shall certify to the secretary of state that such necessity, in its opinion, exists, stating the reasons therefor". The following two sections are especially pertinent to the questions here presented:

Section 110-1109. "In school districts the like determination and certificate upon the question of increasing the tax levy and fixing the date of the election shall be made by the board of directors *and notice of such election given by the school district clerk in the same manner as other elections are called by such districts,* which notice shall be given and published for not less than twenty days prior to the date of the election. *Such election shall*

*be conducted and held and the result thereof ascertained in the usual manner of holding such elections in such districts respectively, and at the time specified in the notice."* (Emphasis supplied.)

Section 110-1112. "The question of increasing any tax levy when submitted to the vote of the people as herein provided, shall be stated on the ballot by including in such question the statement of the reasons for increasing such levy made by the tax levying body of the state, county, district or municipality, or by the board, officer or officers upon whose certificate such election is called and held, and the votes of the people shall be given upon the answers yes and no in the usual manner of submitting questions to vote of the people. *When such vote is taken by the voters of a road district or other district not using printed ballots in holding its elections, the oral statement of the question as shown by the records of such elections or the meetings at which they are held shall be sufficient."* (Emphasis supplied.)

The plaintiff contends that the notice set forth in Exhibit B "does not meet the requirements of notice called for by" §§ 110-1109, 111-902, and 111-906, O. C. L. A., or any of said sections. We quote as follows from his brief: "Of what board of directors was Merton A. Davis chairman? The notice does not say. Of what district was Frances Terrall secretary? The notice does not say. The voters cannot be called upon to speculate or guess the answers." Plaintiff does not contend that Merton A. Davis was not chairman of the board of directors of that school district, or that Frances W. Terrall was not clerk thereof. The notice itself states "that an election will be held in School District No. 5 of Union County, State of Oregon." We think it is quite apparent that anyone reading this notice would understand that Merton A. Davis was chairman

of the board of directors, and Frances W. Terrall was clerk, of School District No. 5, Union County, Oregon.

Section 110-1109, *supra,* provides that the board of directors shall fix the date of the election at which the question of increasing the tax levy is to be voted upon and that "notice of such election [shall be] given by the school district clerk in the same manner as other elections are called by such districts, which notice shall be given and published not less than twenty days prior to the date of the election." We must therefore ascertain the manner in which other elections are called in order to determine whether the notice given in the instant case was sufficient.

School districts are classified as follows: Those with 1,000 or more children of school age as districts of the first class; those with more than 200 and less than 1,000 children of school age as districts of the second class; and those with less than 200 children of school age as districts of the third class. § 111-802, O. C. L. A. Defendant school district is of the second class.

It is provided by § 111-901, O. C. L. A., that the "legal school voters of each school district of the state shall meet once each year, which meeting shall be known as the annual school meeting, and may hold special meetings as the interests of such district shall require". In 1915 annual school meetings were abolished in school districts "having now or hereafter" 20,000 or more children of school age (Laws 1915, ch. 163, § 6, codified as § 111-1401, O. C. L. A.), and § 111-901, *supra,* was amended by chapter 104, Oregon Laws 1949, so as to limit the provisions thereof to school districts of the second and third classes. However, the amendment just referred to did not become effective until July 16,

1949, which was subsequent to the time of the election involved herein.

Section 111-902, O. C. L. A., provides that "All regular and special school meetings must be convened by a written call stating the objects of such meeting, signed by the chairman of the board and the district clerk, or a majority of the district school board."

Section 111-908, O. C. L. A., as amended by chapter 228, Oregon Laws 1945, relating to the publication and posting of notices of school meetings and elections, reads as follows:

"The clerk of any school district in which a newspaper is published shall publish a notice of each annual and each special school meeting or election in one or more of the newspapers published in said district and having a general circulation in the district, such publication to be once a week for two successive weeks immediately preceding such meeting, and in case no such newspaper is published in the district, the clerk shall post said notice on the door of the schoolhouse and in two other public places in such district for at least 10 days immediately preceding such meeting; provided, that any school meeting called for the purpose of a hearing on the school budget, or for levying any school tax, the notices of meeting and the publication of the budget shall be governed by the provisions of the local budget law in section 110-1207 except in districts of the third class which shall follow the provisions of sections 111-906 and 111-909, provided that this exception shall not apply to a third class district which operates a high school."

It will be noticed in reading the foregoing section "that any school meeting called for the purpose of a hearing on the school budget, or for levying any school tax, the notices of meeting and the publication of the

budget shall be governed by the provisions of the local budget law in section 110-1207''. This last mentioned section was amended in 1941 (Ch. 356, Oregon Laws 1941) and further amended in 1943 (Ch. 393, Oregon Laws 1943.)

Since the amendment of § 111-908, above mentioned, the people of the state have approved chapter 345, Oregon Laws 1945, which was by the 1945 legislature referred to them for their approval or rejection. This act, chapter 345, Oregon Laws 1945, known as the rural school district law, created in each county of the state not operating under the county school law (Ch. 7, Title 111, O. C. L. A.) ''a district to be known as the rural school district and a governing body thereof to be known as the rural school board.'' Defendant school district is not operating under the county school law and therefore it is subject to and governed by the rural school district law, so far as applicable.

Sections 12 and 13 of chapter 345, as amended by §§ 9 and 10, respectively, of chapter 591, Oregon Laws 1947, read as follows:

Section 12. ''From and after January 1, 1948, all powers and duties to levy taxes, heretofore by law vested in and imposed on any school district or school unit embraced within the rural school district of any county, or heretofore vested in and imposed on the board of directors or other governing body of any such school district or school unit, hereby are transferred to, vested in and imposed on the rural school board of such county; provided, however, that each such school district or school unit or the board of directors or governing body thereof, shall retain and exercise the power to levy a tax each year for payment of principal and interest of the bonded indebtedness or the indebtedness evidenced by negotiable interest bearing warrants of said school dis-

trict or school unit and also to levy a tax for payment of capital expenditures and current expenditures not provided for in the budget of the district by the rural school board but which have been specifically authorized by the legal voters of such district or unit as outside the limitation of section 11, article XI, Oregon constitution.''

Section 13. ''Immediately following a public meeting as provided by law on the budget for each fiscal year of any school district or school unit within the rural school district, and in any event not later than February 1 of such year, the responsible officer of the district or unit shall deliver or transmit said budget to the rural school board. No tax levy based on such budget shall be made by the school district or school unit or by the board of directors or governing body thereof, other than the tax levy outside the aforesaid constitution limitation for the particular purposes specified in section 12 of this act. * * * ''

These sections were further amended by §§ 3 and 4 respectively of chapter 543, Oregon Laws 1949, but these 1949 amendments do not have any application here for the reason that they did not become effective until July 16, 1949.

Since January 1, 1948, all powers and duties to levy taxes which previously had been vested in and imposed on defendant school district, except as hereinafter mentioned, have been vested in and imposed on the rural school board of Union County. The power to levy a tax each year for the payment of principal and interest of the bonded indebtedness and the indebtedness evidenced by negotiable interest-bearing warrants of the school district and ''for payment of capital expenditures and current expenditures not provided for in the budget of the district by the rural school board but which have been specifically authorized by

the legal voters of such district or unit as outside the limitation of section 11, article XI, Oregon constitution'' has been retained by the defendant school district.

In the instant case the notice of the election, Exhibit B hereinbefore quoted, states that the election is to be held ''for the purpose of submitting to the legal voters of said district the question of increasing the tax levy for the fiscal year 1949-1950 over the amount limited by section 11, Article XI, of the Constitution of Oregon'', and the reasons, as stated in such notice, for increasing such levy are: ''Estimated expenditures on items or partial items of the budget not allowed by the County Rural School Board * * *.''

It would appear from the record in the case that the county rural school board had adopted a budget for the defendant school district prior to the determination of defendant school district to submit to the legal voters of the district the question of increasing the tax levy. The purpose of the election held on July 15, 1949, was to secure from the legal voters of the district specific authorization to levy, and, if the vote was favorable, to levy, at the same meeting, a tax ''outside the limitation of section 11, article XI, Oregon constitution'' for payment of expenditures *''not provided for in the budget of the district by the rural school board''*. §§ 12 and 13, Ch. 345, Oregon Laws 1945, as amended.

The notice, Exhibit B, refers to an election to be held in the defendant school district, a second-class district. Elections in school districts of the second and third classes are held in connection with, and not independently of, school meetings. §§ 111-901, 111-907 and 111-1401, O. C. L. A. When the legal voters at such a

school meeting vote on the question of "increasing tax levies over the amount otherwise limited by the constitution" there is an election on that question within the meaning of §§ 110-1101 to and including 110-1112, O. C. L. A. *State v. Hingley,* 32 Or. 440, 52 P. 89; *Lathen v. Campbell,* 7 Kan. App. 388, 51 P. 931.

Section 111-908, as amended, contains the proviso that "any school meeting called for the purpose of a hearing on the school budget, or for levying any school tax, the notices of the meeting and the publication of the budget shall be governed by the provisions of the local budget law in section 110-1207". The meeting referred to in the notice, Exhibit B, was not for the purpose of a hearing on the school budget but it was, as we understand the pleadings and the wording of the notice, for the purpose of authorizing a levy in excess of the constitutional limitation and, if such authorization was obtained, to levy such a tax at such meeting. A purported levy was made at the school meeting held on July 15, 1949.

Section 110-1207, as amended by chapter 356, Oregon Laws 1941, and as further amended by chapter 393, Oregon Laws 1943, provides that the notice of meeting "shall be published in the manner provided in this act at least twice prior to the time appointed for such proposed meeting in a newspaper of general circulation published in the municipal corporation; provided, that the first publication shall be not less than 20 days nor the second publication less than 10 days prior to the date of such meeting". There is no contention made here that the publication of the notice was not in compliance with the foregoing requirement.

We now direct our attention to § 111-906, O. C. L. A., which reads in part as follows: "District meetings,

legally called, shall have power to levy a tax upon all real and personal property in their district and make any necessary appropriation for the support and benefit of schools, and also adjourn from time to time; provided, that no tax shall be levied at any special meeting unless the call for such meeting shall have stated that one of the purposes of such meeting would be the levying of a tax; *provided, further, that no tax shall be levied at any meeting unless the call for such meeting shall contain an itemized budget showing the contemplated expenditures*". (Emphasis supplied.)

The power of district school meetings to levy a tax has been somewhat circumscribed by the rural school district law (Ch. 345, Oregon Laws 1945, and amendments thereto), which we have hereinbefore discussed and quoted from portions thereof. However, the power to make the levy attempted in the instant case has been reserved to defendant school district.

■  The published notice states: "The amount of tax in excess of the 6 per cent limitation, proposed to be levied for said fiscal year is $10,980.00." The meeting at which this tax was attempted to be levied was a special meeting, "and the call for such meeting" did not "contain an itemized budget showing the contemplated expenditures", as required by § 111-906, *supra*. The notice, Exhibit B, did state that "The reasons for increasing such levy are: Estimated expenditures on items or partial items of the budget not allowed by the County Rural School Board, employees salaries, cemetery, payment on school buses, general maintenance and repairs, and operation of the school plants." This statement is not, and cannot be considered, "an itemized budget showing the contemplated expenditures". Consequently, we are of the opinion that the

notice of the school meeting, at which this levy was made, failed to comply with one of the very essential requirements of § 111-906, *supra,* and therefore such levy was invalid. Since the levy was invalid the court erred in sustaining the demurrer.

■ The only other assignment of error is as follows: "No official ballot was furnished the voters and no ballot of any kind. The blank piece of paper handed the voters was in no sense a ballot, rendering the election void * * *." In our opinion there is no merit in this assignment. School districts of the second and third classes do not, as a rule, use printed ballots in voting upon questions at their annual or special meetings, and it is expressly provided in § 110-1112, *supra,* that "When such vote is taken by the voters of a road district or other district not using printed ballots in holding its elections, the oral statement of the question as shown by the records of such elections or the meetings at which they are held shall be sufficient." See also Opinion of Attorney General, 1920-1922, p. 225, at p. 227.

The decree appealed from is reversed and the cause remanded to the Circuit Court for further proceedings not inconsistent with this opinion. Neither party to recover costs in this court.

---

## On Rehearing

*E. M. Sabin,* of Union, argued the cause and filed a brief for appellant.

*Lewis Z. Terrall,* of Union, argued the cause and filed a brief for respondent.

Before Lusk, Chief Justice, and Brand, Belt, Rossman, Bailey, and Hay, Justices.

BAILEY, J.

We granted a rehearing in this case because of doubts whether § 111-906, O. C. L. A., on which our decision was largely based, was applicable to the factual situation here presented. Other questions raised on this appeal, and discussed in our former opinion, will not again be considered as they are not involved in this rehearing and we are of the opinion that our determination thereof should not be changed.

The "local budget law", enacted as chapter 118, General Laws of Oregon, 1921, and, with amendments thereto, codified as §§ 110-1201 to and including 110-1215, O. C. L. A., is referred to by counsel for the first time in the petition for a rehearing. However, one section thereof, § 110-1207, O. C. L. A., as amended, was discussed in our opinion. We think that the provisions of that act are pertinent to the discussion whether § 111-906, *supra,* governs the contents of the notice which is required to be given in an election such as the one here in question.

Before proceeding with a discussion of the budget act, it should be noted that the election, which was declared invalid in our former opinion, was, as stated in the notice of such election, "for the purpose of submitting to the legal voters of said district the

question of increasing the tax levy for the fiscal year 1949-1950 over the amount limited by section 11, Article XI, of the Constitution of Oregon.'' We held that the notice of such election failed to comply with § 111-906, *supra,* in that it did not ''contain an itemized budget showing the contemplated expenditures'' of the additional fund sought to be raised by the proposed increased tax levy.

Section 111-906 was first enacted in 1901 (Laws, 1901, p. 41, §§ 43, 44) and has been amended several times, the last amendment being in 1919 (Laws, 1919, Ch. 106), which was prior to the enactment of the budget law.

We shall now consider some of the provisions of the budget law. Section 110-1202 thereof provides in part as follows:

''For the purpose of this act and unless otherwise required by the context:

''(a) The words 'municipal corporation' mean the county, and any city, town, port, school district, union high school district, water district, dock commission and all other public or quasi public corporations that have the power to levy a tax upon property, except school districts of the third class, * * *.

''(b) The words 'levying board' mean the common council, board of commissioners, board of directors, county court or other managing board of the county, or of any city, town, port, school district, union high school district, irrigation district, water district, dock commission and of all other public or quasi public corporations that have power to levy a tax upon property.''

All municipal corporations, as above defined, are required, before levying any tax, to prepare an itemized budget of estimated receipts and expenditures, a sum-

mary of indebtedness, and the estimated tax proposed to be levied. §§ 110-1203, to and including 110-1206, O. C. L. A.

Section 110-1207, O. C. L. A., as amended by chapter 356, Oregon Laws 1941, and as further amended by chapter 393, Oregon Laws 1943, provides in part as follows:

"The classified summary of the estimates required by this act and a summary of the estimates for the current year and the expenditures for each of the two fiscal periods next preceding the current year, and a full and complete classified summary of the indebtedness of said municipal corporation specifying the general nature of said indebtedness, such as bonds, warrants, etc., together with a notice of the time and place at which said estimates may be discussed *with the levying board,* shall be published in the manner provided in this act at least twice prior to the time appointed for such proposed meeting in a newspaper of general circulation published in the municipal corporation; provided, that the first publication shall be not less than 20 days nor the second publication less than 10 days prior to the date of such meeting; provided further, that in case no newspaper of general circulation shall be published in the municipal corporation, then the notices and estimates required by this act shall be posted in three conspicuous places in the municipal corporation for at least 20 days prior to such meeting; * * * " (Italics supplied.)

Section 110-1209, O. C. L. A., as amended by chapter 73, Oregon Laws 1943, reads in part as follows:

"When the hearing provided for in this act shall have been held, or if at the time and place appointed for such hearing no taxpayer shall appear to discuss the proposed levy, then *the levying board* shall proceed to make, determine and declare the amount of taxes to be levied upon the current

assessment and tax roll and to make a separate appropriation for each office or officer, department, building, structure, institution, bridge, road, highway, street, public utility or other purpose as shall be sufficient to raise the amount of taxes so determined and declared, and such determination shall be entered in the proper records of *the levying board*; * * * " (Italics supplied.)

In enacting the local budget law the legislature intended to and did impose upon the board of directors of school districts of the first and second classes the duty of levying taxes for their districts. School districts of the third class do not come within the provisions of the act. The defendant school district is a district of the second class.

Pursuant to the provisions of this budget act the defendant school district is required to prepare an itemized budget of estimated receipts and expenditures and to publish it "together with a notice of the time and place at which said estimates may be discussed with the levying board". After the hearing on the budget provided for by the act "shall have been held, or if at the time and place appointed for such hearing no taxpayer shall appear to discuss the proposed levy", the levying board of the school district is, under the provisions of § 110-1209, O. C. L. A., as amended by chapter 73, Oregon Laws 1943, required "to make, determine and declare the amount of taxes to be levied * * *." The authority thus conferred on school boards to levy taxes was curtailed by a later enactment to which we shall now refer.

In our former opinion we directed attention to chapter 345, Oregon Laws 1945, known as the rural school district law, which was by the 1945 legislature referred to the voters of the state of Oregon and was approved

by them. In that opinion we quoted §§ 12 and 13 of chapter 345, as amended by §§ 9 and 10 respectively of chapter 591, Oregon Laws 1947. Under the provisions of § 13 of that act, as amended, "the responsible officer of" the school district is required immediately "following a public meeting as provided by law on the budget" to "deliver or transmit said budget to the rural school board."

Section 12 of the rural district school law, as amended, provides that after January 1, 1948, "all powers and duties to levy taxes, heretofore by law vested in and imposed on any school district or school unit embraced within the rural school district of any county, or heretofore vested in and imposed on the board of directors or other governing body of any such school district or school unit, hereby are transferred to, vested in and imposed on the rural school board of such county", provided, however, that each school district embraced within the rural school district of such county, or the governing body thereof, "shall retain and exercise the power to levy a tax" for payment of principal and interest of bonded indebtedness, or indebtedness evidenced by negotiable interest-bearing warrants, "and also to levy a tax for payment of capital expenditures and current expenditures not provided for in the budget of the district by the rural school board but which have been specifically authorized by the legal voters of such district or unit as outside the limitation of section 11, article XI, Oregon constitution."

The assailed election was called by the board of directors of defendant school district to procure specific authorization by the legal voters of the district to levy a tax for $10,980.00 for items of estimated

expenditures that had been eliminated by the rural school board from the budget which had been approved by the defendant school district. Items thus eliminated are referred to in § 12, as amended, of the rural school district act, "as outside the limitation of section 11, article XI, Oregon constitution."

Section 11, article XI, Oregon constitution, known as the six per cent constitutional limitation amendment, was enacted in 1916. At the next session of the legislature, chapter 150, General Laws of Oregon, 1917, codified as §§ 110-1101 to and including 110-1112, O. C. L. A., was enacted "To provide for elections upon the question of increasing tax levies over the amounts otherwise limited by the Constitution * * *." Section 110-1109 of that act refers to school districts and provides that the "certificates upon the question of increasing the tax levy and fixing the date of the election shall be made by the board of directors and notice of such election given by the school district clerk in the same manner as other elections are called by such districts, which notice shall be given and published for not less than twenty days prior to the date of the election."

Section 111-908, O. C. L. A., as amended by chapter 228, Oregon Laws 1945, provides the manner in which notice of annual and special school meetings or elections shall be given. Said section reads as follows:

"The clerk of any school district in which a newspaper is published shall publish a notice of each annual and each special school meeting or election in one or more of the newspapers published in said district and having a general circulation in the district, such publication to be once a week for two successive weeks immediately pre-

ceding such meeting, and in case no such newspaper is published in the district, the clerk shall post said notice on the door of the schoolhouse and in two other public places in such district for at least 10 days immediately preceding such meeting; provided, that any school meeting called for the purpose of a hearing on the school budget, or for levying any school tax, the notices of meeting and the publication of the budget shall be governed by the provisions of the local budget law in section 110-1207 *except in districts of the third class which shall follow the provisions of sections 111-906 and 111-909,* \* \* \*." (Italics supplied.)

■ In our opinion the language of the section just quoted clearly shows that the legislature intended to limit the application of the provisions of § 111-906, O. C. L. A., to school districts of the third class, which are not subject to the local budget law. Consequently we were in error in holding that the provisions of that section applied to the defendant school district, a district of the second class. Whether § 111-906 has any application to elections in districts of the third class on the question of increasing the tax levy for any fiscal year over the amount limited by § 11, article XI of the constitution is not before us for determination and we therefore express no opinion thereon.

■ In determining the question of the sufficiency of the election notice, we should not overlook the provisions of § 110-1112, O. C. L. A. That section provides that, in an election on the question of increasing a tax levy beyond the constitutional limitation, the ballot shall include a statement "of the reason for increasing such levy", and if no ballot is used "the oral statement of the question as shown by the records of such elections or the meetings at which they are held shall be sufficient." After carefully considering

the entire record before us, we are of the opinion that the notice of the contested election was in full compliance with the provisions of § 110-1109, as amended, § 110-1112, and § 111-908, as amended, which are controlling here.

Several of the sections which we have referred to herein were amended by the 1949 legislature. Inasmuch as those amendments did not become effective until after the election here involved and would have no effect on the validity thereof, we have not specifically referred to them.

Our former opinion herein is modified, as hereinbefore pointed out, and the decree appealed from is in all respects affirmed. Neither party to recover costs in this court.