CHARLES A. RINK, Plaintiff, v. JAMES W. BOLLINGER, District Judge.

**Intoxicating liquors:** INJUNCTION: CONTEMPT. A written statement of general consent to the sale of intoxicating liquors is not procured or approved with respect to any particular individual; it authorizes the municipality to consent to the sale by any person it may designate, upon his compliance with the other requirements of the law, and continues until revoked; so that one who has been enjoined because of an unlawful sale, but subsequently complies with all the provisions of law, is not in contempt for violation of the injunction by further sales without procuring a new general consent of the voters.

FRIDAY, NOVEMBER 19, 1909.

REHEARING DENIED TUESDAY, JANUARY 18, 1910.

THIS is a proceeding by *certiorari* in this court to determine the validity of an order of the defendant, as district judge, holding plaintiff guilty of contempt in violating an injunction against the illegal sale of intoxicating liquors and sentencing him to fine and imprisonment.—Order *annulled.*

*Louis Block,* for plaintiff.

*H. B. Betty,* for defendant.

McCLAIN, J.—On account of preceding illegal sales of intoxicating liquors on certain described premises in the city of Davenport, this plaintiff was on the 14th day of January, 1909, enjoined in a proper proceeding from selling or keeping for sale intoxicating liquors in violation of law on said premises, or anywhere within the seventh

judicial district. In pursuance of this decree, the premises were closed for all purposes, and remained closed until the 22d day of that month; but in the meantime this plaintiff had procured from the city council, and had filed with the county auditor, a certified copy of a resolution regularly adopted by the city council on January 20th consenting to the sale of intoxicating liquors by said plaintiff upon the said premises, together with a written statement of consent from all of the resident freeholders owning property within fifty feet of the building in which plaintiff's business had been carried on. He had also paid the last preceding quarterly assessment of mulct tax, being for the quarter ending March 31, 1909, and had in every way complied with the provisions of the mulct law so far as any action or conduct on his part was required to constitute such compliance. There was in force and operation in Scott County a written statement of general consent found sufficient by the supervisors on the 20th day of November, 1906, which had not as a general statement of consent been revoked by any action or proceeding known to the law. All these facts were made to appear by an agreed statement of facts presented to the defendant in connection with a hearing before him on the charge against this plaintiff for contempt in violating the injunction above referred to. It is conceded that, had it not been for the injunction, this plaintiff would have been conducting his business from the 22d day of January in full compliance with the law; but the defendant held that under the introductory paragraph of Code, section 2448, the bar to punishment for sale of intoxicating liquors created by the mulct law in favor of any one complying therewith. had been removed by the prior default of this plaintiff and the entry of a decree enjoining him from such sales, and that this bar could not be restored so far as plaintiff was concerned until plaintiff had in his own acts and conduct complied with the provisions of the mulct law, and a new general statement of consent

had been signed by the required number of voters and found sufficient by the board of supervisors.

The decree in the injunction suit finding this plaintiff to have been guilty of illegal sales of liquor prior to the 21st day of January, 1908, enjoined him from selling or keeping for sale intoxicating liquors in violation of law on the premises described, or anywhere within the seventh judicial district; and this decree was in accordance with the statute. By Code, section 2382, sales of intoxicating liquor are prohibited except as provided in the chapter relating to intoxicating liquors, of which that is the first section, and in section 2384 it is declared that whoever uses any building for the prohibited purpose of making such sales is guilty of a nuisance. By section 2405 it is provided that any such nuisance may be enjoined and abated in an action in equity, and that, "when an injunction has been granted, it shall be binding on the defendant throughout the judicial district in which it was issued, and any violation of the provisions of this chapter by manufacturing, selling or keeping for sale of intoxicating liquors anywhere in said district shall be punishable as a contempt as provided in this chapter." In section 2407 it is provided that the violation of any such injunction may be punished in a contempt proceeding by a fine or imprisonment, or both. The illegal sale of intoxicating liquors is an indictable offense (Code, section 2384); but, if an equitable proceeding for an injunction is resorted to as the method of enforcing compliance with the law, no punishment is imposed in connection with the granting of a decree against defendant. If he is found in such proceeding to have been maintaining a nuisance, an abatement is ordered, and he is thereafter subject to punishment by way of contempt for any further illegal sales which constitute a violation of the decree of injunction. We find nothing in the law contemplating any punishment of such defendant as a result of the injunction save for further illegal

acts. Having been enjoined on account of illegal sales, he is disqualified for two years from receiving a permit to sell as a pharmacist (Code, section 2387), and after having been enjoined he is subject to a more severe penalty on conviction in a criminal proceeding for subsequent illegal sales (Code, section 2411).

This was substantially the condition of the law of this state prior to the enactment of the so-called "mulct law" in 1894. See Acts 25th General Assembly, chapter 62, which was in substance incorporated in the present Code as a part of the chapter relating to intoxicating liquors. Without regard to the mulct law, one who had been perpetually enjoined from selling intoxicating liquors within the judicial district (after the lapse of two years, if he were a pharmacist and had secured a permit) could lawfully sell intoxicating liquors in accordance with such permit, notwithstanding the injunction standing against him. It was the sale of liquors contrary to law which might be enjoined or punished after injunction as a contempt. The Legislature might, perhaps, have authorized an injunction perpetually restraining the sale by the defendant of intoxicating liquors within the district, or, for that matter, within the state, without making exception of any kind, and, under such a provision, one who was enjoined could, no doubt, be punished for contempt in making further sales of any kind, although they might have been in accordance with law had there been no injunction against him. It may be noticed, in passing, that since this proceeding was instituted the Legislature has enacted a provision that no person who shall thereafter be enjoined shall be permitted to sell intoxicating liquor within five years. Acts 33d General Assembly, chapter 142, section 3. At any rate, it may be assumed for the purposes of this discussion that such a statutory provision would have been valid, if enacted; but the Legislature did not see fit to go so far. It provided only that one enjoined from selling intoxicating liquors

should be punished for contempt if he made further sales
in violation of law, and we therefore reach the question
whether the sales by this plaintiff subsequent to the entry
of a decree of injunction against him were contrary to law.
It is not pretended that they were contrary to law, unless
they were in violation of the mulct law, and it is further
conceded that, had there been no injunction against plain-
tiff, his sales of which complaint was made in the proceed-
ing to punish him for contempt would have been entirely
lawful.

There is nothing in the provisions of the mulct law
denying the benefit of the exemption from prosecution un-
der the prohibitory law as therein provided on account of
having previously conducted an illegal business by the sale
of intoxicating liquors. The only provision on the subject
is that in the cities to which the mulct law is applicable
"no proceedings shall be maintained against any person
who has paid the last preceding quarterly assessment of
mulct tax, nor against any premises as a nuisance on ac-
count of the selling or keeping for sale therein or thereon
by such person of such liquors, provided the following con-
ditions are complied with," and the conditions are: First,
that "a written statement of general consent that intoxicat-
ing liquors may be sold in such city, signed by a majority
of the voters residing in such city voting therein at the last
preceding election, . . . shall have been filed with the
county auditor and shall by the board of supervisors at a
regular meeting have been held sufficient, and its finding
entered of record, which statement, when thus found suffi-
cient, shall be effectual for the purpose herein contemplated
until revoked as hereinafter provided"; and then follow
the other conditions relating to a resolution by the city
council consenting to such sales by the person claiming the
benefit of the bar, written statement of consent from ad-
joining property owners, the filing of a bond and the con-
duct of the business in such a place and in such manner

as the statute specifically describes, together with the payment of the mulct tax by the person conducting the business. It appears from the agreed statement of facts that Davenport is a city of such population that sales within it may be made therein, if the conditions of the mulct law have been complied with, and that the necessary written statement of general consent, signed by a majority of the voters residing within the city, had been filed with the county auditor and had been held sufficient by the board of supervisors of the county, and it further appears that this plaintiff had complied with all the other conditions of the statute entitling him to the benefit of the exemption provided for in the mulct law. Now, in the absence of any such condition as that the person seeking to avail himself of the bar to the enforcement of the prohibitory law provided by the mulct law shall not have been engaged in the unlawful business of selling intoxicating liquor, or shall not have been enjoined from carrying on such business, we are unable to see why plaintiff is not entitled to rely upon such bar as against the complaint that he violated the injunction by selling intoxicating liquor contrary to law. The Legislature has not declared that one who has been guilty of previous violations of the prohibitory law or the mulct law may not subsequently, on full compliance with the mulct law, become entitled to avail himself, so far as his future acts are concerned, of the bar which the mulct law affords.

But the question decided in the contempt proceeding and presented to us in arguments of counsel is somewhat different from that presented by the agreed statement of facts. It is stated by the defendant, the trial judge, in his ruling and judgment in the contempt proceeding, that this plaintiff had been operating a saloon prior to the entry of the decree of the injunction against him, and that, in violation of the mulct law, he had kept his place of business open on a holiday, and the defendant assumes that it

was for that reason that he was enjoined from further conducting such business.   In other words, the defendant judge assumes that this plaintiff, having conducted a business in reliance upon the mulct law and violated one of its conditions by selling on a legal holiday, had forfeited all right to rely upon the bar of the mulct statute until by a new compliance, in every respect, with the conditions of the mulct law, he had become entitled again to avail himself of the benefits of that law; and this position is predicated upon the provision of Code, section 2451, that: "Whenever any of the conditions of the third preceding section [Code, section 2448, already referred to] shall be violated or whenever the council of the city  .  .  .   shall by majority vote direct it (or whenever the general statement of consent shall have been revoked by a verified petition of a majority of the voters of the city filed with the county auditor) then the bar to proceedings, as provided in [Code, section 2448] shall cease to operate, and the persons engaged in the sale of intoxicating liquors shall be liable to all of the penalties provided for in this chapter." As counsel argue this case on the assumption of fact made by the defendant judge that this plaintiff had previously been conducting a saloon in reliance on the mulct law, the written statement of general consent by the voters approved by the supervisors in 1906, and the further performance of the requirements of the law on plaintiff's part, and that plaintiff had been enjoined for his failure to comply with one of the conditions of the mulct law with regard to sales on legal holidays, we shall proceed to determine the correctness of the action of the defendant judge on this assumption.

We therefore have this case:   This plaintiff, having been enjoined from selling under the mulct law because of breach of one of its conditions, sought to comply anew with all the conditions of the mulct law prior to the sales involved in the contempt proceeding, so that he could be-

come entitled to avail himself of the bar of the mulct law. It is conceded by counsel for defendant that, if this plaintiff had thus complied anew with all the conditions of the mulct law, after those conditions had been revoked as to him under section 2451 by his unlawful selling, then he was not punishable for contempt, because after thus complying anew with the mulct law his sales were not in violation of law and were not therefore in violation of the injunction. As already indicated, this plaintiff had complied anew with all the conditions required of him as an individual to be complied with. He had secured and filed a new consent of the city council, he had anew secured the requisite consent of adjoining property holders, he had filed a new bond, he had paid the requisite mulct tax, and he had so equipped and conducted his place of business that no breaches of condition in this respect appeared; but it is contended that no new written general statement of consent by the voters of the city had been filed with the county auditor and approved by the board of supervisors, and that as to him the written statement of general consent previously in force and still continuing in force as to others could no longer be relied upon.

The written statement of general consent of the voters approved by the board of supervisors is not procured nor approved with reference to any individual proposed seller. It amounts simply to an authority to the city council to consent that any particular person or persons designated by it in a resolution may sell on compliance each with the other conditions of the law by him required to be observed. *State v. Forkner,* 94 Iowa, 1. It continues in force indefinitely until revoked, and as to those who have not violated the conditions of the law it can be revoked only by the city council or by petition of a majority of the voters; but it is contended that, as to one who has violated any of the conditions of the law, it is revoked by his own violation, and can not again be relied upon by him, no matter

how completely he has complied anew with all the conditions which are within his control or which involve action relating to him as an individual seller. We have held that one who has violated the mulct law and been enjoined for so doing must, before he can again sell liquor, comply anew with all the conditions relating to him, such as those requiring the consent of the city council, the consent of adjoining property owners, etc. *Hammond v. King,* 137 Iowa, 548; *Buck v. Powers* (Iowa), 121 N. W. 1042. Assuming, as already indicated, that it is not the policy of the Legislature embodied in these various statutory provisions that it shall be impossible for one who has violated the law by the illegal sale of intoxicating liquors, and been enjoined for so doing, to so far comply with the law that subsequent sales shall not be a breach of the injunction, we are clearly of the opinion that it was not the purpose of the Legislature enacting Code, section 2451, to require a new written statement of general consent approved by the board of supervisors in order that such an individual shall afterwards sell in compliance with the law. It has not been contended in this case, and certainly could not reasonably be contended in any case, that the written statement of general consent approved by the board of supervisors is revoked as to all subsequent sellers by the act of one seller in violating the conditions of the mulct law, and yet that is the only reasonable interpretation that could be put upon Code, section 2451, if a violation of the conditions of the mulct law were to be construed as the revocation of the written statement of general consent referred to in section 2448.

It is to be noticed that section 2451 does contain specific provisions for a general revocation of the written statement of general consent, and we think it is these provisions only which are referred to as constituting the revocation contemplated in section 2448. We can not believe it was the purpose of the Legislature to have a writ-

ten statement of general consent, signed by the voters, approved by the board of supervisors, and remaining unrevoked as to other persons, treated as revoked with reference to one particular person by his own wrongful act. If, as conceded for defendant, it is within the contemplation of the law that one who has violated its provisions, and been enjoined for doing so, may still become entitled in some way to sell in full compliance with law, we think it could not have been the purpose of the Legislature to require that to this end the trouble and expense of procuring a new written statement of general consent be incurred, in view of the fact that such written statement is not procured in the first instance in behalf of any particular seller, and has no relation to proposed sales by any one particular individual. As the language of the statute does not require any such construction, and as the construction contended for would lead to endless uncertainty and confusion, we do not feel justified in adopting it as a true statement of the legislative intent. As this plaintiff had after the granting of an injunction against him complied anew with all the conditions of the law specifically relating to him as an individual seller, we think he was not selling in violation of the law, and therefore should not have been adjudged guilty of contempt.

The order of the defendant judge is therefore *annulled*.