H. H. SAWYER, Plaintiff, v. FRANK R. GAYNOR, Judge, Defendant.

**Intoxicating liquors:** CONTEMPT: CONTINUANCE OF BUSINESS: QUALIFICATION. Where a saloon keeper by violating an injunction against illegal sale has forfeited the protection of the mulct law, he can not avoid a second charge of contempt on the theory that he has made a change in the method of conducting the business, but must qualify anew to entitle him to the benefits of the law.

**Same:** SUBSEQUENT SALES: ADJUDICATION. A discharge from contempt proceedings for the violation of an injunction against the illegal sale of liquor is not an adjudication of subsequent charges based upon sales made after the discharge.

THURSDAY, JUNE 16, 1910.

THIS is a certiorari proceeding, in the nature of an appeal, by which we are asked to review the orders of the trial court in a contempt proceeding against a saloon keeper for violating an injunction.   Orders *annulled,* and cause *remanded.*

*John F. Joseph,* for plaintiff.

*Wilbur Owen* and *T. P. Murphy,* for defendant.

WEAVER, J.—In the year 1907, a perpetual injunction was entered by the district court of Woodbury county restraining Sam Gibson, a saloon keeper in Sioux City, from unlawful traffic in intoxicating liquors.   On February 2,

1909, he was charged with violating said injunction, and contempt proceedings were instituted against him. On May 4, 1909, a hearing was had upon said charge in the district court, and Gibson was adjudged not guilty and ordered discharged. In a certiorari proceeding brought in this court to review said ruling we held that the contempt was sufficiently established, and reversed and annulled the order of discharge. *Sawyer v. Oliver,* 144 Iowa, 382. Pending the certiorari proceedings another charge of contempt was filed based on alleged acts done in violation of the injunction after February 2, 1909, the date of the first information. As we have in the first proceeding found the charge there made to be sufficiently established by the evidence, it follows that Gibson forfeited the protection of the mulct law not later than said date last named. He did not attempt to requalify by securing a new consent from the city council or otherwise until June 28, 1909, when he procured and filed such consent together with a consent of the adjacent property owners, but, so far as the record shows, he has never procured or filed a new bond as required by the statute. It clearly appears that he continued to keep and operate said liquor saloon uninterruptedly during all the period between February 2, 1909, and the date of the hearing upon the subsequent information. That such business was unlawful is too clear for argument. Having once forfeited the protection of the law, he could not relieve himself from its ban by a mere change of purpose or of method in the sale and disposition of his wares. If he would re-enter the protected business, it must be by the same gate and subject to the same conditions which would have been required of him had he never enjoyed the privilege before. That such is the requirement is manifest from the reason as well as the letter of the statute. The city council may refuse its consent to one who has shown a disposition to violate the law. The adjacent property owners may have concluded that one

who has demonstrated his disposition to break over legal restraints is not a desirable neighbor.   The sureties upon his bond may prefer to no longer stand as sponsors for his conduct of the business, and, until he has met anew the conditions imposed upon all applicants for admission to the select number who according to our peculiar statute (Code, section ‾2448), may transact an illegal business under the protection of the law, the bar of the statute can not be successfully pleaded by him.   We held in *Rink v. Bollinger,* 145 Iowa, 501, that one who forfeits his privilege under the statute is not required as a condition precedent to reentering the business to procure a new general statement of consent from the people of his county or municipality. The statutory requirement of such consent is deemed to be in the nature of a declaration of public policy concerning the traffic which continues effective until revoked according to law, but it does not relieve the dealer who has once forfeited the privilege from the necessity of making new qualifications, and he can regain its protection only by compliance with all the conditions imposed.   We so held in *Buck v. Powers* (Iowa), 121 N. W. 1042, and in no other way can the law be interpreted and enforced without reducing it to a farce.

The release of Gibson on May 4, 1909, upon the charge filed February 2, 1909, was in no sense an adjudication of the subsequent charge based on acts alleged to have been done after the latter date.   These being shown by clear and practically undisputed evidence, the district court should have adjudged him guilty of contempt.

Other questions argued by counsel need not be considered as those to which we have referred are decisive of the result.   For the reasons stated, we hold that Gibson was improperly relieved of the charge of contempt, and the order discharging him therefrom is annulled, and the cause is remanded for further proceedings in harmony with this opinion.—*Annulled.*