M. E. REUSCH, Plaintiff, v. W. S. WITHROW, Judge, and
JOSEPH KOCH, Defendants.

**Intoxicating liquors:** INJUNCTION: SPECIFICATION OF GROUNDS: AP-
PEAL. Where the relator in an action to abate a liquor nuisance
submits to an order of court requiring him to specify the viola-
tions of law relied upon, he can not upon appeal inject into the
case new grounds of complaint: Nor will those grounds alleged
in the information which are not argued by the relator be con-
sidered on appeal.

**Same:** REQUALIFICATION: NEW BOND. A liquor dealer who has been
enjoined for the violation of law can not claim the future pro-
tection of the law without qualifying anew by filing a new bond.
And the fact that he was knowingly violating the law when he
was enjoined would not make his bond then in force a new bond
for his future protection.

*Certiorari from Des Moines District Court.*

THURSDAY, FEBRUARY 8, 1912.

THE opinion gives the facts—*Reversed* and *remanded.*

*M. S. Odle,* for plaintiff.

*Poor & Poor,* for defendants.

SHERWIN, J.—Prior to the 31st day of December,
1908, the defendant Joseph Koch was operating a saloon
illegally at a place on Vine street, in the city of Burling-
ton.  On said 31st day of December, 1908, the district
court entered a decree perpetually enjoining him from
unlawfully selling or keeping for unlawful sale intoxi-
cating liquors in or upon said premises, or elsewhere in
that judicial district.  At the time the injunction decree

was entered, the defendant had abandoned the business theretofore conducted by him in the particular building and place described in the petition; for the decree recites that the nuisance was abated after the commencement of the action. In January, 1909, the said defendant opened another saloon in a building on the same street, and only a short distance from his previous location, where he continued the business, and was still engaged therein when the plaintiff herein filed an information against him, charging that he had violated said injunction by keeping and selling intoxicating liquors in violation of law. Thereafter defendant filed a motion, asking that the plaintiff be required to make the information more specific in the following particulars, among others: "That it be stated in what way it is claimed that defendant violated the law and the decree, as alleged by plaintiff, and the particular act, omission, or conduct of defendant relied upon to constitute the violation of the decree, and the date thereof."

The motion was sustained as to the matters above set forth, and thereupon the plaintiff amended his information by alleging as follows: "(1) That the said Joseph Koch, either by himself or authorized agents, after December 31, 1908, from day to day, sold intoxicating liquors over the bar to whomsoever should apply, the names of such applicants for liquor this informant is unable to particularly name, and said defendant, from said date (December 31, 1908), till September 9, 1910, had no bond on file with the county auditor of Des Moines county, Iowa, as by law required. (2) That on or about October 3, 1910, the said defendant, either by himself or agents, sold intoxicating liquors, to wit, beer, to E. V. Tuttle, and said sale was made in defendant's saloon in the city of Burlington, Iowa, and said sale was in violation of law, as informant believes, by reason of the fact that said defendant at said time had no valid resolution of consent on file with the

county auditor of Des Moines county, Iowa, and because said defendant served lunch (free) in his said saloon."

Trial was then had, and the defendant was found not guilty. Counsel for the relator now contends that the defendant violated the law by maintaining his saloon on a

1. INTOXICATING LIQUORS: injunction: specification of grounds: appeal.

street, other than a public business street; and that the statement of general consent, under which he claimed protection, was not legally canvassed by the board of supervisors. But these matters we shall not discuss, for the reason that the relator submitted to the order of the court requiring a specific statement of the particular violation of law relied upon, and he now makes no complaint of the ruling, and we are of the opinion that he can not now inject into the case additional grounds for his complaint that the injunction had been violated.

The relator has not argued the free lunch question presented in the amendment to his information; and hence we shall not enter that field in this opinion.

The two questions that are before us for consideration are these: First, did the defendant Koch have on file, between the 4th day of January, 1909, and the 9th day of September, 1910, a sufficient bond; and, second, was there on file on the 3d day of October, 1910, at the date of the alleged sale of beer to Tuttle, a valid resolution of consent?

Considering the last proposition first, the claim is made that a resolution of consent, granted on the 16th day of November, 1908, and filed January 4, 1909, was

2. SAME: requalification: new bond.

insufficient, because issued before the injunction decree; and that a resolution of consent, granted on June 30, 1909, was insufficient, because it is not shown when it was filed with the county auditor. It may be conceded, for the purposes of this case, that the resolution of consent of November 16, 1908, did not afford the defendant protection, for the reason stated by relator; but if that be true, it is not

material if it be further true that the resolution of consent of June 30, 1909, was properly filed with the auditor. An amendment to relator's abstract shows that such resolution was properly indorsed as having been filed on the same day that it was granted; and there is nothing in the record to disprove such fact. We think the filing sufficient. The record shows that the defendant furnished a bond September 28, 1908, which was for one year, and that said bond was renewed for another year on the 7th day of September, 1909; and it is further shown that during the time between January 4, 1909, and September 9, 1910, the defendant was operating his saloon. At the time this bond of September 28, 1908, was given, the defendant was operating his saloon in the place that was enjoined by the decree of December 31, 1908, and, so far as the record discloses, it was the only bond that covered his operations in that place. How long he had been keeping a saloon in that particular building does not appear; but it is fair to presume from the entire record that said bond was, in fact, given to protect him while conducting the business in that place. When he was enjoined, it was determined that such business had been carried on by him in violation of law, and that he had forfeited the protection of the mulct law, and, under the rule of our previous decisions, he could not claim the future protection of said law without requalifying by the filing of a new bond. *Sawyer v. Gaynor, Judge,* 148 Iowa, 115. See, also, *Hammond v. King,* 137 Iowa, 548; *Buck v. Powers,* 121 N. W. (Iowa) 1042.

The defendant's contention that the rule of these cases does not apply, because he had not fully complied with other provisions of the mulct law, and was knowingly operating his saloon in violation of its provisions, does not meet the situation. The bond was given for a purpose evidently, and because he had failed to meet the requirements of the law in other respects furnishes no reason

for holding that such bond met the requirement of the cases cited, or, in other words, that it was, in fact, a new bond. For the reason stated, the judgment of the trial court is reversed and the case remanded.—*Reversed* and *remanded.*